UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

HECTOR AGUIRRE,

                            Plaintiff,

                                                                              DECISION AND ORDER

                                                                              14-CV-6346L

                        v.

INVESTIGATOR GENERAL KENDRA,
LIEUTENANT SKIPPER,
CAPTAIN LOVERDE,
SUPERINTENDENT MARK L. BRADT,

                            Defendants.
_____

**INTRODUCTION**

Plaintiff Hector Aguirre, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. At the time of filing, Plaintiff was an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). Plaintiff alleges that defendants, who at all relevant times were employed by DOCCS, violated his due process rights guaranteed by the United States Constitution, in connection with plaintiff's confinement in a Special Housing Unit ("SHU") for 132 days.

Defendants have filed a motion to dismiss the complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, Defendants' motion is denied, and plaintiff is granted leave to replead.

# BACKGROUND

Plaintiff's claims arise out of disciplinary proceedings at Attica Correctional Facility, based on his receipt by mail on December 27, 2011 of a package containing marijuana. According to the complaint, it was not until November 5, 2013 (almost 23 months later), that defendant Investigator General Kendra filed an Inmate Misbehavior Report ("Report"). Plaintiff was found guilty and sentenced to 24 months' confinement in the Special Housing Unit ("SHU").

The guilty finding was later overturned on administrative appeal, and plaintiff's guilty finding was expunged from his record. The reason stated for the reversal was "length of time since date of incident to date of report is excessive." Complaint Ex. D. Plaintiff was returned to general population, after serving 132 days in SHU as a result of the charges. Complaint at 6.[1]

Based on those allegations, plaintiff claims that his due process rights were violated. He has sued four DOCCS employees, Investigator General Kendra, Lieutenant Skipper, Captain Loverde, and Superintendent Mark Bradt. Plaintiff seeks damages for the time that he spent in SHU. Defendants have moved to dismiss the complaint.

# DISCUSSION

**I. Official-Capacity Claims**

The first ground for defendants' motion is that the claims against defendants in their official capacities should be dismissed as barred by the Eleventh Amendment. Dkt. #6-1 at 3. As plaintiff has pointed out in his response to defendants' motion, the Court has already dismissed his official-capacity claims, in the order granting plaintiff *in forma pauperis* status. *See* Dkt. #3 at 2-3; Dkt. #8 at 1.

---

[1] In some of the exhibits to the complaint, it appears that plaintiff was sentenced to 18, not 24, months in SHU. Regardless, he alleges that he actually served 132 days of his sentence.

This aspect of defendants' motion appears to be both boilerplate and irrelevant to the current status of this action, and it is denied as moot. In the future, counsel would be well advised to omit such unnecessary, superfluous arguments from their motion papers.

**II. Due Process Claim**

Defendants also contend that plaintiff has failed to state a constitutional claim, because he has not alleged facts showing that he had a constitutionally protected interest.

As the Court of Appeals for the Second Circuit has explained, a plaintiff asserting a procedural due process claim must establish "(1) the existence of a property or liberty interest that was deprived and (2) deprivation of that interest without due process." *Bryant v. New York State Educ. Dep't*, 692 F.3d 202, 218 (2d Cir. 2012), *cert. denied*, __ U.S. __, 133 S.Ct. 2022 (2013). In other words, it is not enough to show that some liberty interest is involved, *or* that the plaintiff was deprived of that interest, *or* that the plaintiff was deprived of due process in some general sense. The plaintiff must show that he was (1) deprived (2) of a protected liberty interest, *and* (3) that the deprivation occurred without due process of law. *Id.*; *see also Bowens v. Smith*, No. 11-cv-784, 2015 WL 236270, at *3 (N.D.N.Y. Jan. 16, 2015) ("In order to begin a due process analysis, the court determines whether plaintiff had a protected liberty interest in remaining free from the confinement that he challenges and then determines whether the defendants deprived plaintiff of that liberty interest without due process") (citing *Giano v. Selsky*, 238 F.3d 223, 225 (2d Cir. 2001); *Torres v. Mazzuca*, 246 F.Supp.2d 334, 340 (S.D.N.Y. 2003) (prisoner asserting a § 1983 claim for denial of due process at a disciplinary hearing must first identify a liberty interest protected by the Due Process Clause of which he was deprived, and then show that he was deprived of that interest without due process of law).

The Second Circuit has held that "a prisoner has a liberty interest that is implicated by SHU confinement if it 'imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *J.S. v. T'Kach*, 714 F.3d 99, 106 (2d Cir. 2013) (quoting *Sandin*

*v. Conner*, 515 U.S. 472, 484 (1995)). *See also Palmer v. Richards*, 364 F.3d 60, 64 (2d Cir. 2004); *Colon v. Howard*, 215 F.3d 227, 230 (2d Cir. 2000).

In addressing this matter, the court should consider, among other things, the duration and conditions of the plaintiff's confinement. *Davis v. Barrett*, 576 F.3d 129, 133 (2d Cir. 2009). While there is no bright-line rule, in general, confinements between 101 and 305 days are considered to be of "intermediate" duration, and "require a district court to articulate specific findings of the conditions of the imposed confinement relative to ordinary prison conditions before determining whether such confinement is atypical" and thus triggers *Sandin*. *Reynoso v. Selsky*, 292 Fed.Appx. 120, 123 (2d Cir. 2008) (remanding for factfinding concerning 150-day SHU confinement).

In the case at bar, plaintiff has not alleged facts showing that the conditions of his SHU confinement were such as to impose an atypical and significant hardship on him, under the standards set forth above. Thus, plaintiff has not shown the existence of a constitutionally protected liberty interest. I will grant plaintiff an opportunity to amend the complaint to allege these matters.

In addition, plaintiff has not alleged a predicate due process violation. That the delay may have violated New York state regulations is not enough to state a federal claim actionable under § 1983. *See Vigliotti v. Selsky*, No. 08-CV-875, 2014 WL 1451984 (W.D.N.Y. Apr. 14, 2014) ("a violation of a state ... regulation, in and of itself, does not give rise to liability under § 1983"). *See also Loret v. Selsky*, 595 F.Supp.2d 231, 233-34 (W.D.N.Y. 2009) (outlining the "minimum procedural safeguards that must be provided under the Constitution" to prisoners facing disciplinary charges). Plaintiff must show more than a violation of state regulations.

The delay between the December 2011 incident and the November 2013 Report and subsequent hearing, on a proper showing, could implicate due process concerns, but standing alone, the delay and confinement do not establish a federal constitutional violation. Plaintiff has not alleged, for example, that the delay in filing the Report prejudiced him, due to the loss of evidence, unavailability of witnesses, or in some other concrete way that rendered the proceedings inherently unfair.

At the same time, however, the Court must bear in mind plaintiff's *pro se* status, which requires the Court to construe the pleadings liberally in his favor; *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Second Circuit has stated that a *pro se* complaint "should not be dismissed without granting leave to replead at least once when such a [liberal] reading 'gives any indication that a valid claim might be stated.'" *Barnes v. United States*, 204 Fed.Appx. 918, 919 (2d Cir. 2006) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

Under that general principle, it would be inappropriate for the Court simply to dismiss plaintiff's claim out of hand. The Court therefore grants plaintiff leave to replead his claim, as detailed in the Conclusion of this Decision and Order.

**III. Personal Involvement**

Defendants also contend that the claims against Kendra and Bradt should be dismissed for lack of personal involvement. It is well established that "[p]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977); *McCloud v. Prack*, 55 F.Supp.3d 478, 484 (W.D.N.Y. 2014).

Plaintiff alleges that Kendra wrote the November 2013 misbehavior report that led to plaintiff's confinement in SHU. Complaint at 6. Plaintiff also alleges that defendant Bradt allowed the hearing to commence, even though he was "well aware" that the report had been filed nearly two years after the incident on which it was based.[2]

---

[2] In their motion to dismiss, defendants allege that "[r]egarding Defendant Kendra, ... Plaintiff alleges only that Kendra timely filed a misbehavior report against him." Def. Mem. of Law (Dkt. #6-1) at 5. It appears, however, that plaintiff alleges that the November 2013 Report authored by Kendra was *un*timely. Since plaintiff is being granted leave to replead, whether that suffices to state a facially valid claim against Kendra need not be decided at this juncture.

Generally, a defendant's "'personal involvement' [in an alleged constitutional deprivation] may be established in one of four ways: (1) direct participation; (2) learning of the deprivation but failing to remedy the wrong; (3) creating a policy or custom under which the deprivation occurred, or allowing such a policy or custom to continue; or (4) gross negligence in managing subordinates who caused the deprivation." *McCloud v. Prack*, 55 F.Supp.3d 478, 484 (W.D.N.Y. 2014) (citing *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986)).

As stated, plaintiff will be granted leave to file an amended complaint, setting forth his due process claim in more detail. If the amended complaint fails to allege facts that would support a facially valid constitutional claim, the issue of individual defendants' personal involvement will be rendered moot. I therefore decline to decide this matter now. Plaintiff is advised, however, that to state a claim against any individual defendant, he must allege facts which, if true, would support a finding of that defendant's personal involvement in the alleged constitutional deprivation, under the standards set forth above.

**CONCLUSION**

Defendants' motion to dismiss the complaint (Dkt. #6) is denied without prejudice. Plaintiff is directed to file an amended complaint within forty-five (45) days after the date of issuance of this Decision and Order, setting forth his due process claim in more detail. The amended complaint should include allegations concerning: (1) the conditions of plaintiff's SHU confinement; (2) how defendants' actions involving delay in filing charges violated plaintiff's federal constitutional due process rights with specific reference to any harm to plaintiff; and (3) how each defendant was personally involved in the alleged violation. Plaintiff is advised that if he fails to file a timely

amended complaint in accordance with the terms of this Decision and Order, his claims are subject to dismissal.

      IT IS SO ORDERED.

                                      _____
                                          DAVID G. LARIMER
                                        United States District Judge

Dated: Rochester, New York
       August 24, 2015.